UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DONALD McCAULEY and<br>PATRICIA McCAULEY,<br><br>          Plaintiffs,<br><br>     vs.<br><br>NUCOR CORP.,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:05-cv-0424-TAB-RLY |

**ORDER ON DEFENDANT NUCOR CORPORATION'S MOTION TO COMPEL**

This matter comes before the Court on Defendant Nucor Corporation's motion for *in camera* review and motion to compel two documents from Plaintiff Donald McCauley.  [Docket No. 165.]  At the deposition of McCauley's testifying expert, Daniel Teitelbaum, Nucor was given access to documents produced to Teitelbaum, and it marked certain documents for deposition.  [*Id*. at ¶¶ 3-4.]  From those documents, McCauley's counsel removed and withheld two letters -- one dated October 14, 2004 from Russell Watters to Crum & Forster and another dated February 11, 2005 from Brad Hansmann to Robert Clark -- that it contends are privileged and were inadvertently provided to Teitelbaum.  [*Id*. at ¶¶ 5-6.]  Nucor does not challenge the inadvertency of McCauley's production to Teitelbaum, but it asserts that McCauley waived any privilege when he produced these letters, however inadvertently, to his testifying expert.  [*Id*. at ¶¶ 8-16.]

McCauley concedes that the February 11 letter is not protected and will be produced to Nucor.  [Docket No. 167, ¶ 3.]  Nevertheless, McCauley opposes Nucor's motion to compel the

October 14 letter and submits it to the Court for *in camera* inspection. [Docket No. 167.] For the reasons below, Nucor's motion [Docket No. 165] is granted in part and denied in part. The Court grants Nucor's motion for *in camera* inspection[1] and denies Nucor's motion to compel.

The Court need not discuss the February 11, 2005 letter as McCauley concedes that it is not privileged. Thus, the Court focuses on the October 14, 2004, letter. The October 14 letter is both attorney-client and work product privileged from discovery. An attorney retained by Crum & Forster -- the worker's compensation insurance carrier for McCauley's employer at the time of his accident -- authored this correspondence and directed it to Crum & Forster. It summarizes information culled from a meeting between Russell Watters, Brad Hansmann, McCauley and his counsel, and other agents of Crum & Forster. The letter further contains Watters' recommendations regarding litigation. As such, the letter touches on facts regarding the Ph level of waste water generally and as McCauley believed it to be at the time of his injury.

Inadvertent disclosure of otherwise protected material may subject that information to disclosure under certain circumstances. *Simon Property Group v. mySimon, Inc*., 194 F.R.D. 644, 647-50 (S.D. Ind. 2000). The much-cited balancing approach discussed in *Simon Property Group* is appropriate in resolving the matter at hand. This approach requires the Court to assess whether: (1) the neglect that led to the inadvertent disclosure was excusable; (2) it is possible to provide effective relief from the inadvertent disclosure; and (3) there is any serious prospect of harm to the interests of the opponent or the interests of justice if waiver is not found. *Id*. at 650. The Court remains mindful that "a truly harmless mistake is not a compelling reason for

---

[1] Because McCauley has agreed to produce the February 11 letter he did not produce it for in camera review. Thus, the only letter reviewed by this Court is the October 14 letter.

stripping a person of a privilege." *Id.* at 648 (*citing Dellwood Farms, Inc. v. Cargill, Inc.*, 128 F.3d 1122, 1127 (7th Cir. 1997)).

While the first factor favors waiver, the last two factors weigh against it. The Court can identify no serious prospect of harm to Nucor by retaining privilege in this instance. McCauley did not direct Teitelbaum's attention to the October 14 letter nor was Teitelbaum aware that the letter was in the box of medical records.[2] In fact, at his deposition, Teitelbaum identified the group of records containing the errantly produced letter as "a piece of Mr. McCauley's medical records primarily dealing with his problems, physical problems that are involved." [Docket No. 165, Ex. 1.] Teitelbaum only reviewed the medical records. [Docket No. 167, Ex. 2.] He does not recall seeing the October 14 letter nor does he know its content. [*Id.*] Moreover, Nucor's counsel had access to the documents on which Teitelbaum did premise his opinions and ample opportunity to cross examine him concerning those documents and his opinions alike. Effective relief occurred when counsel for McCauley discovered the letter and withheld it before review by either Teitelbaum or opposing counsel.

Under these circumstances the Court finds that effective relief from the inadvertent disclosure already occurred, and no serious prospect of harm to the interests of the opponent or to the interests of justice exists. Accordingly, McCauley did not waive any privilege when he

---

[2] The cover letter accompanying the documents containing the October 14 letter references two boxes of documents: one containing the "entire set of the plaintiff's medical records and a copy of" select depositions, and the other containing "a smaller selected set of medical records and a medical records index attached to a few pages of very significant medical records." [Docket No. 167, Ex. 1.]

inadvertently produced the October 14 letter to Teitelbaum and McCauley is not obligated to produce this letter.  For these reasons, Nucor's motion for *in camera* review is granted, and Nucor's motion to compel is denied.

Dated:   09/28/2006

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Tonya J. Bond
ICE MILLER LLP
tonya.bond@icemiller.com

Mark Anthony King
makinglaw@sbcglobal.net

Robert R. Clark
SOMMER BARNARD ATTORNEYS, PC
rclark@sommerbarnard.com

Randal M. Klezmer
KLEZMER & ASSOCIATES
rklezmer@randyklezmer.com

Robert D. Emmerson
DEFUR VORAN LLP
remmerson@defur.com

Andrew J. Miroff
ICE MILLER LLP
drew.miroff@icemiller.com

Keith A. Gaston
DEFUR VORAN LLP
kgaston@defur.com

Judy S. Okenfuss
ICE MILLER LLP
judy.okenfuss@icemiller.com

Bradley Richard Hansmann
BROWN & JAMES PC
bhansmann@bjpc.com

Russell F. Watters
BROWN & JAMES P.C.
rwatters@bjpc.com

Nicholas C. Huang
NICHOLAS C. HUANG PC
nhuang@gmail.com