UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DONALD MCCAULEY and ) <br> PATRICIA MCCAULEY ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> NUCOR CORP., ) <br> ) <br> Defendant. ) | Case No. 1:05-cv-0424-TAB-RLY |

**ENTRY ON PLAINTIFFS' MOTION FOR SANCTIONS**

The parties appeared for oral argument on January 19, 2007 on Plaintiffs' motion for sanctions for failure to participate in good faith at two settlement conferences. [Docket Nos. 182, 184.] For the reasons stated below, the Court DENIES Plaintiffs' motion.

Federal courts have the inherent power to sanction conduct that abuses the judicial process. *United States v. Johnson*, 327 F.3d 554, 560 (7th Cir. 2003) (citing *Barnhill v. United States*, 11 F.3d 1360, 1367 (7th Cir. 1993)). Federal Rule of Civil Procedure 16(f) allows for sanctions against parties involved in settlement conferences that "fail to participate in good faith." Fed. R. Civ. P. 16(f). A court shall require the offending party "to pay reasonable expenses incurred because of any noncompliance with [Rule 16], including attorney's fees, unless the judge finds that . . . other circumstances make an award of expenses unjust." *Id.*

Two settlement conferences were set for this case: all parties attended an October 26, 2006 conference, but the December 4, 2006 conference was vacated at Defendant Nucor Corp.'s request. Plaintiffs argue that the Defendant should be sanctioned for lack of good faith participation in the October 26 settlement conference. [Docket No. 183.] They maintain that

Defendant had no intention of resolving the matter, as indicated by the lack of an offer, and that Plaintiffs should be compensated for their time spent at the first conference.  Plaintiffs contend that the Defendant has offered multiple reasons for the unsuccessful conference; Defendant first stated *PSI Energy, Inc. v. Roberts*, 829 N.E.2d 943 (Ind. 2005), strengthened its position on summary judgment, which was pending.  Defendant later argued that settlement failed because of disagreements between Defendant and other interested parties concerning apportionment of any settlement.  Although Defendant did not make a firm offer of settlement to the Plaintiffs, the Court cannot conclude that Defendant failed to act in good faith in connection with the October 26 conference.  Settlement ideas were explored between Nucor and other interested parties in hopes of reaching settlement by the time of the December 4 conference.  [Docket No. 186, p. 3.] Therefore, no sanctions will be imposed upon the Defendant in relation to the first settlement conference.

Plaintiffs also argue that the Defendant should be sanctioned for the last-minute cancellation of the December 4, 2006 settlement conference.  [Docket No. 183.]  Defendant's counsel, in a fax to Magistrate Judge V. Sue Shields requesting a cancellation of the settlement conference, wrote that *PSI Energy* is on "all fours" and settlement is a waste of the Court's time [Docket No. 183, Ex. E].  The Court would have considered imposing a sanction upon the Defendant to cover any out-of-pocket expenses incurred as a result of the last-minute cancellation of this scheduled settlement conference.  However, neither Plaintiffs nor their counsel traveled to this December 4 settlement conference or otherwise incurred any related out-of-pocket expenses.

Finally, it should be noted that Plaintiffs' counsel rightly acknowledged at oral argument

that he showed poor judgment in attaching a confidential e-mail relating to settlement negotiations to the motion for sanctions.  [Docket No. 183-7.]  The language of the e-mail makes it clear that the content was for parties' eyes only.  Thus, these other circumstances make an award of expenses unjust under Rule 16(f), and the Court declines to use its inherent power to award sanctions.  For these reasons, sanctions are not appropriate, and Plaintiffs' motion for sanctions is DENIED.  [Docket Nos. 182, 184.]

DATED: 02/09/2007

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Robert R. Clark
SOMMER BARNARD ATTORNEYS, PC
rclark@sommerbarnard.com

Ellen M. Corcella
CORCELLA & KING LLC
corcellasolutions@gmail.com

Robert D. Emmerson
DEFUR VORAN LLP
remmerson@defur.com

Keith A. Gaston
DEFUR VORAN LLP
kgaston@defur.com

Bradley Richard Hansmann
BROWN & JAMES PC
bhansmann@bjpc.com

Nicholas C. Huang
NICHOLAS C. HUANG PC
nhuang@gmail.com

Mark Anthony King
CORCELLA & KING LLC
makinglaw@sbcglobal.net

Randal M. Klezmer
KLEZMER & ASSOCIATES
rklezmer@randyklezmer.com

Andrew J. Miroff
ICE MILLER LLP
drew.miroff@icemiller.com

Judy S. Okenfuss
ICE MILLER LLP
judy.okenfuss@icemiller.com

Terrance Lewis Smith
SMITH & DEBONIS LLC
terry@sd1law.com

Russell F. Watters
BROWN & JAMES P.C.
rwatters@bjpc.com