UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DONALD McCAULEY and PATRICIA )
McCAULEY, )
      Plaintiffs, )
)
  vs. )    1:05-cv-0424- TAB-RLY
)
NUCOR CORP., )
      Defendant. )

## ORDER ON NOVEMBER 16, 2007, FINAL PRETRIAL CONFERENCE

On November 16, 2007, the Court held a final trial preparation conference and made numerous rulings on the record. The court summarizes these rulings as follows:

1. Plaintiffs' motion in limine to preclude evidence of any past criminal convictions of Donald McCauley [Docket No. 259 at 1, Motion No. 1] is GRANTED without objection.

2. Plaintiffs' motion in limine to preclude evidence of the existence and circumstances leading to the emergency protective order obtained by Patricia McCauley on April 17, 2002, [Docket No. 259 at 1, Motion No. 2] is DENIED. This information is relevant to Patricia McCauley's loss of consortium claim.

3. Plaintiffs' motion in limine to preclude evidence of Plaintiffs' past bankruptcy proceedings [Docket No. 259 at 1, Motion No. 3] is GRANTED without objection.

4. Plaintiffs' motion in limine to preclude evidence of Donald McCauley's alleged failure to comply with certain waste pickup procedures contained in Metalworking Lubricants Co.'s ("Metalworking's") Drivers Training Manual [Docket No. 259 at 2, Motion No. 4] is DENIED. This information is relevant to Donald McCauley's potential fault in the events

leading to his injury.

     5.  Plaintiffs' motion in limine to preclude evidence that any money awarded to Plaintiffs will not be subject to state or federal income taxes [Docket No. 259 at 2, Motion No. 5] is GRANTED without objection.

     6.  Plaintiffs' motion in limine to preclude evidence that Plaintiffs could, or should, invest any money they may ultimately recover, as well as evidence of the effects of such investment [Docket No. 259 at 2, Motion No. 6] is GRANTED.  However, expert testimony regarding the present value of any money awarded to Plaintiffs is allowed.

     7.  Plaintiffs' motion in limine to preclude evidence that Donald McCauley received worker's compensation benefits from Metalworking [Docket No. 259 at 2, Motion No. 7] is DENIED.

     8.  Plaintiffs' motion in limine to preclude evidence of any anecdotal statistical evidence relating to the number of times individuals fall off of semi trailers per year and any other irrelevant statistical information [Docket No. 259 at 2, Motion No. 8] is GRANTED.

     9.  Plaintiffs' motion in limine to preclude evidence of the identity, length of employment, and reason for discharge of any and all attorneys that Donald and Patricia McCauley have previously retained in this matter as well as evidence of the existence of any attorney liens [Docket No. 259 at 2, Motion No. 9] is GRANTED without objection.

     10.  Plaintiffs' motion in limine to preclude evidence that Metalworking should have had a fall protection system for its drivers [Docket No. 259 at 2, Motion No. 10] is GRANTED.

     11.  Plaintiffs' motion in limine to preclude evidence that Donald McCauley was not wearing a hard hat at the time the injury occurred [Docket No. 259 at 3, Motion No. 11] is

DENIED.  Likewise, this motion is also denied with regard to the lack of chinstrap on the hard hat.  This information is relevant to Donald McCauley's potential fault in the events leading to his injury.

12.  Plaintiffs' motion in limine to preclude evidence of Patricia McCauley's remittance of certain payments she received from worker's compensation [Docket No. 259 at 3, Motion No. 12] is DENIED.  This information is relevant to Patricia McCauley's credibility under Federal Rule of Evidence 608(b).

13.  Plaintiffs' motion in limine to preclude testimony from a lay witness regarding the cause of Donald McCauley's fall [Docket No. 259 at 3, Motion No. 13] is DENIED.  However, a lay witness testifying to this matter must have personal or otherwise admissible knowledge of the event.

14.  Defendant's motion in limine to preclude any testimony regarding any failure on the part of the Defendant to properly install, clean, or calibrate the pH sensor, follow manufacturer guidelines, or install any diagnostic software with respect to the sensor [Docket No. 264] is GRANTED in part and DENIED in part.  This motion is GRANTED as to David Mills' testimony regarding whether predictive diagnostic software would have predicted a failure of the pH sensor, subject to additional foundation evidence at trial that could make this testimony admissible.  This motion is DENIED as to evidence suggesting that cleaning, installation, and meter calibration of the pH sensor were relevant to its failure.

15.  Defendant's motion in limine to preclude evidence regarding subsequent remedial measures [Docket No. 265] is GRANTED.

16.  Defendant's motion in limine to preclude evidence that the wastewater in Donald

McCauley's tanker at the time he suffered his injuries was a hazardous waste [Docket No. 266] is DENIED.

17.  Defendant's motion in limine to preclude any evidence that the Defendant violated any of the United States Department of Transportation's Rules and Regulations [Docket No. 268] is GRANTED without objection.

18.  Defendant's motion in limine to preclude any evidence that there is insurance providing coverage to the Defendant for the incident at issue in this case [Docket No. 270] is DENIED.  Plaintiffs may offer an indemnity agreement, which contains terms referencing insurance, to attempt to show bias by Metalworking witnesses.

19.  Defendant's motion in limine to preclude any evidence that there were offers of settlement made by Defendant [Docket No. 272] is GRANTED without objection.

20.  Plaintiffs' motion for separation of witnesses [Docket No. 279] is GRANTED.

21.  Defendant's motion opposing Plaintiffs' notification of deposition evidence [Docket No. 280] remains under advisement.  Defendant objects to Plaintiffs' use of the deposition testimony of Frederick Kohlmann.  Kohlmann is the representative of Hach Company, the maker of the pH sensor.  Kohlmann was not designated as an expert witness but in his deposition testified to specific information regarding the use of the pH sensor.  The deposition testimony offered to the Court does not indicate Kohlmann's background or position in the company, so the Court is unable to determine to what he can appropriately testify.  Clearly he cannot testify as an expert witness, but he can testify to lay matters within his knowledge.  The parties are ordered to confer and attempt to stipulate to the parameters of Kohlmann's testimony by November 26, 2007, and the Court will thereafter address any remaining issues in this regard.

22. Both parties offered jury instructions on spoilation. Based on the record at this point, the Court is not inclined to offer instructions on spoilation, but counsel may again request such an instruction at the appropriate time as the trial proceeds.

23. The Court ordered the parties to confer regarding proposed trial exhibits and objections thereto, and to file with the Court any remaining objections by November 26, 2007. The Court anticipates that this will minimize objections to trial exhibits.

24. The Court ordered the parties to confer and provide a list of stipulated facts by November 26, 2007.

Dated:  11/20/2007

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

David Cerven
SMITH & DEBONIS LLC
dcerven@sd1law.com

Robert R. Clark
SOMMER BARNARD ATTORNEYS, PC
rclark@sommerbarnard.com

Nicholas C. Huang
NICHOLAS C. HUANG PC
nhuang@gmail.com

Timothy Loren Karns
PARR RICHEY OBREMSKEY & MORTON- Lebanon
tkarns@parrlaw.com

Hawk P.C. Kautz
hawk@sd1law.com

Mark Anthony King
Mark A. King, P.C.
makinglaw@gmail.com

Peter L. Obremskey
PARR RICHEY OBREMSKEY & MORTON
jdouglas@parrlaw.com

Anthony W. Patterson
PARR RICHEY OBREMSKEY & MORTON
tpatterson@parrlaw.com

Michael L. Schultz
PARR RICHEY OBREMSKY & MORTON
mschultz@parrlaw.com

Terrance Lewis Smith
SMITH & DEBONIS LLC
terry@sd1law.com